**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2065**

BRIAN BAKER,

                    Plaintiff – Appellant,

          v.

CITY OF CHESAPEAKE,

                    Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (2:14-cv-00318-RAJ-DEM)

Submitted:  March 17, 2016          Decided:  April 8, 2016

Before KING, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Margaret Mary Looby, Chesapeake, Virginia; Shannon Beth Bayona, TAYLOR BAYONA LAW GROUP, PC, Chesapeake, Virginia, for Appellants. Ryan C. Samuel, Dana E. Sanford, OFFICE OF THE CITY ATTORNEY, Chesapeake, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Baker appeals the grant of summary judgment in favor of the City of Chesapeake, Virginia ("the City"). Baker alleged, among other things, that the City discriminated against him and failed to accommodate his disability, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213 (2012) ("ADA"), discriminated against him on account of his Caucasian race, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17 (2012) ("Title VII"), and wrongfully retaliated against him, in violation of the ADA and Title VII. On appeal, Baker argues that the district court erred in granting summary judgment because genuine issues of material fact remain as to whether the City (1) discriminated against him due to his disability, (2) retaliated against him for reporting disparate treatment, and (3) failed to accommodate his disability.[1] We affirm.

We review the grant of summary judgment de novo, drawing all reasonable inferences in favor of the nonmoving party. Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 407 (4th Cir. 2015). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the

---

[1] As the City observed in its brief, Baker does not pursue his Title VII claim of race discrimination on appeal.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In opposing summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

First, a plaintiff has two means of showing disability discrimination under the ADA: (1) "through direct and indirect evidence," or (2) "through the McDonnell Douglas [2] burden-shifting framework." Jacobs v. N.C. Admin. Office of the CT's., 780 F.3d 562, 572 (4th Cir. 2015). We have long observed a strict distinction between claims proceeding with direct evidence of discrimination and those proceeding under the McDonnell Douglas framework. See Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 284-85 (4th Cir. 2004) (end banc), abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nasser, 133 S. Ct. 2517, 2533 (2013).

Yet before the district court, Baker proceeded only under the McDonnell Douglas framework in seeking to prove discrimination. Consequently, in the absence of exceptional or extraordinary circumstances that would justify reviewing the

---

[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

issue on the merits, Baker has waived his right to contend on appeal that his direct evidence of discrimination precluded summary judgment. See Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999) ("Generally issues that were not raised in the district court will not be addressed on appeal."); see also Foster v. Univ. of Maryland-Eastern Shore, 787 F.3d 243, 250 n.8 (2015) (holding that discussion of direct-evidence discrimination claim limited to footnote in opening brief was insufficient to warrant appellate review).

To make a prima facie showing of disability discrimination under McDonnell v. Douglas, a plaintiff must demonstrate that (1) he has a disability, (2) he is qualified for his former position, and (3) the employer discharged him because of his disability. Jacobs, 780 F.3d at 572.

After reviewing the record, we concur with the district court's assessment of Baker's case: he presented insufficient evidence causally linking his discharge with his disability. While Baker disputes the City's proffered rationale for his termination, he points to no evidence causally connecting his disability to his dismissal; therefore, this claim fails.

Next, Baker asserts that the district court erred in granting summary judgment on his retaliation claim. To make out a prima facie case of retaliation, a plaintiff must show that (1) he engaged in "protected activity," (2) the employer "took

4

adverse action" against him, and (3) "that a causal relationship existed between the protected activity and the adverse employment activity." Foster, 787 F.3d at 250 (internal quotation marks omitted).

On appeal, Baker argues that the City "took adverse action" against him by terminating his employment, which he deems the final event in a causal chain linking back to a complaint of disparate treatment. But before the district court, Baker cited only a letter of reprimand as the City's "adverse action" supporting his claim of retaliation. His "causal chain" theory is completely absent from the district court record; therefore, we hold that Baker has waived the right to present this claim on appeal. See Holland, 181 F.3d at 605.

Finally, to establish a claim under the ADA for a failure to accommodate, a plaintiff must show that (1) he suffered a disability; (2) his employer knew of the disability; (3) with reasonable accommodations, he was otherwise qualified to perform the essential functions of the job; and (4) his employer refused to make such reasonable accommodations. Wilson v. Dollar Gen. Corp., 717 F.3d 337, 345 (4th Cir. 2013).

Our review of the record reflects that the City never refused a request for accommodation. As the district court properly concluded, without evidence of such a refusal, we

cannot say that the City failed to accommodate Baker's disability.

Accordingly, we affirm the district court's grant of summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6